# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 11, 2013

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

147175

TOWNSHIP OF RICHMOND,
        Plaintiff-Appellee,

v

                                        SC: 147175
                                        COA: 304444
                                        Macomb CC:   2006-001054-CZ

RONDIGO, L.L.C.,
        Defendant-Appellant.
                                                  2006-004429-CZ

_____/

On order of the Court, the application for leave to appeal the March 5, 2013 judgment of the Court of Appeals is considered, and it is DENIED, there being no majority in favor of granting leave to appeal or taking other action.

YOUNG, C.J. and VIVIANO, J., would grant leave to appeal.

MARKMAN, J. (*dissenting*).

I respectfully dissent. In my judgment, the Court of Appeals erred by holding that defendant could not receive attorney fees and costs pursuant to MCR 286.473b absent compliance by defendant's farm or farm operation with "generally accepted agricultural and management practices" (GAAMPs).

MCR 286.473b states:

> In *any nuisance action* brought in which a farm or farm operation is alleged to be a nuisance, if the defendant farm or farm operation prevails, the farm or farm operation may recover from the plaintiff the actual amount of costs and expenses determined by the court to have been reasonably incurred by the farm or farm operation in connection with the defense of the action, together with reasonable and actual attorney fees. [Emphasis added.]

MCL 286.473(1) states in part:

> A farm or farm operation shall not be found to be a public or private nuisance if the farm or farm operation alleged to be a nuisance conforms to generally accepted agricultural and management practices according to policy determined by the Michigan commission of agriculture.

The Court of Appeals held that "the plain language of MCL 286.473(1) expressly conditions [Right to Farm Act] immunity from characterization as a nuisance on a farm's or a farm operation's conformance to [GAAMPs]." *Richmond Twp v Rondigo, LLC*, unpublished opinion per curiam of the Court of Appeals, issued March 5, 2013 (Docket No. 304444), p 6. I disagree. The provision in MCL 286.473(1) that a GAAMPs-compliant farm or farm operation is immune from characterization as a "nuisance" constitutes *one* way, but not the *only* way, in which a defendant farm or farm operation can prevail in a nuisance action and thus receive costs under MCL 286.473b. Furthermore, MCL 286.473b states that a defendant farm or farm operation that prevails in *any nuisance action* in which that defendant is alleged to be a nuisance is entitled to expenses. MCL 286.473b contains no language limiting the award of fees and costs to defendants who are compliant with GAAMPs. Simply, if a farm or farm operation is not compliant with GAAMPs but prevails in a nuisance action, nothing in MCL 286.473b suggests that the farm or farm operation cannot receive costs. Because there was no dispute that defendant's composting activity constituted a "farm or farm operation," and because defendant prevailed in the litigation of the township's failed nuisance claims pertaining to defendant's composting activities, defendant should have been permitted to recover costs and expenses reasonably incurred "in connection with the defense of the action, together with reasonable and actual attorney fees." MCL 286.473b. Accordingly, I would reverse this portion of the judgment of the Court of Appeals and award attorney fees and costs to defendant.

ZAHRA, J., did not participate because he was on the Court of Appeals panel at an earlier stage of the proceedings.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 11, 2013



Clerk

s1008